[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-12215
Non-Argument Calendar

————————————————

D.C. Docket No. 9:02-cr-80007-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORRANCE L. WILKINS,
a.k.a. Rooster,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(November 29, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Torrance Wilkins appeals the district court's imposition of a 21-month sentence, imposed at the low end of the Guidelines range, following revocation of his supervised release. Wilkins asserts the court's sentence was unreasonably harsh. He contends the court focused solely on his prior criminal history, and did not consider his improved performance on supervision. After review,[1] we affirm Wilkins' sentence as reasonable.

Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). Section 3553(a) provides that district courts imposing a sentence must first consider, *inter alia,* (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the

---

[1] We review the sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Sweeting,* 437 F.3d 1105, 1106-07 (11th Cir. 2006). We vacate a sentence only if left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

Sentencing Commission.  *See* 18 U.S.C. § 3553(a).  The weight to be given any particular factor under § 3553(a) is left to the sound discretion of the district court, absent a clear error of judgment.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

Wilkins' Guidelines range was 21 to 24 months' imprisonment, and the court was not unreasonable in imposing a 21-month sentence.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining while we do not automatically presume a within-Guidelines sentence to be reasonable, we ordinarily expect such a result).  While the district court did not explicitly refer to 18 U.S.C. § 3553(a) while articulating its reasoning for its choice of sentence, the record shows the court considered several of the sentencing factors under the statute, specifically, the need to promote respect for the law and the history and characteristics of the defendant.  *See* 18 U.S.C. § 3553(a).  The court was concerned with Wilkins' prior criminal history which included 168 arrests.  The record showed that while on release he returned to committing the same types of crimes that he had been committing before serving his prison sentence in the present case.   Wilkins' underlying conviction was for distribution of cocaine, and he was convicted while on supervised release of possession of cocaine.  Wilkins' 21-month sentence, imposed at the low end of the Guidelines range was

3

substantively reasonable in light of the record and the § 3553(a) factors.

Accordingly, we affirm.

**AFFIRMED.**