[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13155
Non-Argument Calendar

_____

D.C. Docket Nos. 0:97-cr-06078-JAL-1; 0:98-cr-06166-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS VILLANUEVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 12, 2019)

Before ED CARNES, Chief Judge, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Carlos Villanueva appeals his thirty-month sentence of imprisonment (which

is at the high end of the advisory guidelines range) imposed following the

revocation of his supervised release based on four release violations.  Three of his violations were committing another crime during the term of supervision, see 18 U.S.C. § 3583(d), and those crimes were (1) sexual battery with a deadly weapon and causing serious injury; (2) false imprisonment; and (3) possessing, selling, and delivering a controlled substance.  The fourth violation was failing to notify his probation officer of a change in residence.  Villanueva contends that his sentence for those violations is both procedurally and substantively unreasonable.[1]

We review both the procedural and substantive reasonableness of Villanueva's sentence only for plain error because he did not object to his sentence when the district court gave him the opportunity to do so.  See United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).  "Thus, in order to prevail" on each of his contentions, Villanueva "must demonstrate (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights.  If all three conditions are met, we then decide whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (brackets and quotation marks omitted).

Villanueva argues that his sentence is procedurally unreasonable because the district court failed to adequately explain how it weighed the sentencing factors

---

[1] Villanueva does not challenge the basis for the revocation or the district court's calculation of his advisory guidelines range.

listed in 18 U.S.C. § 3553(a) when imposing his sentence.  But the district court was not required to consider the § 3553(a) factors.  Villanueva's violations of the conditions of his supervised release included possession of a controlled substance, which means that the district court was required by 18 U.S.C. § 3583(g) to revoke Villanueva's supervised release.  When revocation is mandatory under § 3583(g), the district court is not required to consider the § 3553(a) factors.  United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000), abrogated in part on other grounds by Tapia v. United States, 564 U.S. 319 (2011).  Because the district court was not required to consider the § 3553(a) factors when imposing Villanueva's sentence on revocation, the court did not err (plainly or otherwise) by failing to adequately explain how it weighed those factors.  And the district court's brief explanation of the sentence it imposed — which was within the guidelines range — is enough to "satisfy" us that the court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority."  Rita v. United States, 551 U.S. 338, 356 (2007); see id. (explaining that a district court judge need not provide a "lengthy explanation" of a guidelines sentence because "[c]ircumstances may well make clear that the judge rests his decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before him is typical").

3

Villanueva also contends that his sentence is substantively unreasonable. "[W]e normally expect a sentence falling within the guidelines range" — like Villanueva's — "to be reasonable." United States v. Croteau, 819 F.3d 1293, 1310 (11th Cir. 2016). That his thirty-month revocation sentence is "well below the statutory maximum penalty" he could have received on revocation[2] "is another indicator of reasonableness." Id. Villanueva nonetheless argues that his sentence is substantively unreasonable because it is at the high end of the guidelines range while similarly situated defendants received sentences in the middle or at the low end of their guidelines ranges, and he cites three unpublished decisions[3] for examples of such defendants. But our unpublished affirmances of three low-end sentences does not show that a high-end sentence is substantively unreasonable here, especially because none of the defendants in the cases Villanueva cites committed violations rising to the cumulative level of Villanueva's violations — which included sexual battery with a deadly weapon, false imprisonment, and

---

[2] Because one of Villanueva's release violations was "unlawfully possess[ing] a controlled substance," 18 U.S.C. § 3583(d), the statutory maximum term of imprisonment on revocation was sixty months — twice the sentence he received. See id. §§ 3583(e)(3), 3559(a)(1); 21 U.S.C. § 841(b).

[3] United States v. Collins, 729 F. App'x 728, 729 (11th Cir. 2018) (per curiam) (unpublished); United States v. Wilkins, 671 F. App'x 742 (11th Cir. 2016) (per curiam) (unpublished); United States v. Chinni, 669 F. App'x 537, 538 (11th Cir. 2016) (per curiam) (unpublished).

4

possession of a controlled substance.[4]  Villanueva has not offered any other reason

to think that his sentence is substantively unreasonable.

**AFFIRMED.**

---

[4] See Collins, 729 F. App'x at 729 ("battery (domestic violence)"); Wilkins, 671 F. App'x at 743 ("possession of cocaine"); Chinni, 669 F. App'x at 538 ("two positive drug tests" and various other violations).

5